UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CHARLES R. LIVECCHI, SR.,

                                      Plaintiff,

-vs-

GORDON AND SCHALL, LLP,

                                      Defendant.

DECISION AND ORDER

14-CV-6270  CJS

_____

INTRODUCTION

Plaintiff, a bankruptcy debtor, alleges that Defendant, a law firm that represents the Chapter 7 Trustee in his bankruptcy action, violated his federal right of due process by subpoenaing documents from a third party, Plaintiff's wife's bank, as part of an adversary proceeding in the bankruptcy case. Now before the Court is Defendant's motion (Docket No. [#13]) for judgment on the pleadings and to enjoin the *pro se* Plaintiff from commencing any further actions or proceedings against the Trustee or his law firm, unless he first either obtains leave of court or is represented by an attorney. The application for judgment on the pleadings is granted, and the application for sanctions is denied.

BACKGROUND

Defendant has moved for judgment on the pleadings pursuant to Fed.R.Civ. P. 12(c). In deciding such a motion, the Court is limited as to what it can consider:

> In ruling on a 12(b)(6) motion, and thus on a 12(c) motion, a court may consider the complaint as well as "any written instrument attached to [the complaint] as an exhibit or any statements or documents incorporated in it by reference." *Yak v. Bank Brussels Lambert*, 252 F.3d 127, 130 (2d Cir.2001) (internal quotation marks omitted). Moreover, "on a motion to dismiss, a court may consider ... matters of which judicial notice may be taken, [and] documents either in plaintiffs' possession or of which plaintiffs

1

had knowledge and relied on in bringing suit." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir.2002) (internal quotation marks omitted).

*Kalyanaram v. American Ass'n of University Professors at New York Institute of Technology, Inc.*, 742 F.3d 42, 44 (2d Cir. 2014). "Moreover, where public records that are integral to a complaint are not attached to it, the court, in considering a Rule 12(b)(6) motion, is permitted to take judicial notice of those records." *Swiatkowski v. Citibank,* 446 *Fed.Appx.* 360, 361 (2d Cir. Nov. 16, 2011) (citations and internal quotation marks omitted). Here, in addition to the Complaint, the Court has considered public records from the underlying bankruptcy action, an examination of which is necessary to fully understand Plaintiff's contentions.

On April 8, 2009, Livecchi filed a voluntary Chapter 11 petition.[1]  On January 21, 2010, the U.S. Trustee moved to have the Chapter 11 case converted to a Chapter 7, and on September 21, 2010, Bankruptcy Court granted the Trustee's application and converted the case to a Chapter 7. Livecchi bitterly opposed the conversion of his Chapter 11 action to a Chapter 7,[2] and continues to maintain that the former Bankruptcy Judge who converted the action, the Hon. John Ninfo, did so improperly.[3]  Since at least October, 2010, Livecchi has been proceeding *pro se* in the bankruptcy court.

Subsequently, Bankruptcy Court assigned Kenneth Gordon, Esq. ("Gordon") as the Chapter 7 Trustee. Later, Bankruptcy Court approved Gordon's request to employ his law

---

[1] *See*, Case 2-09-20897-PRW (Bankruptcy Ct. W.D.N.Y.)

[2] *See*, Case 2-09-20897-PRW, Docket No. [# 274] at p. 7 ("[T]his filing of bankruptcy has turned into a disaster based on assumptions and the converting to a Chapter 7 has violated the constitutional rights of Debtor.").

[3] *See*, *e.g.*, Case 2-09-20897-PRW, Docket No. [#193] at ¶ 7; *see also*, Docket No. [#304] (accusing Judge Ninfo of mocking Livecchi).

firm, Gordon and Schaal, LLP ("Gordon and Schaal"), as attorney to Gordon in his capacity as Chapter 7 Trustee.[4]

Gordon, in his capacity as Trustee, has commenced various adversary proceedings against Plaintiff, seeking, for example, an order denying Plaintiff from being discharged in bankruptcy on the grounds that Plaintiff defrauded creditors. One such alleged act of fraud involved Plaintiff's transfer of a Ferrari automobile to his wife just days prior to filing his Chapter 11 petition.[5] In connection with the alleged fraudulent transfer of the Ferrari, Gordon, in his capacity as Trustee, commenced an adversary proceeding against Livecchi's wife, Sherrie Lee Livecchi.[6] Livecchi indicates that he was "not a party" to that adversary proceeding.[7] As part of that adversary proceeding against Mrs. Livecchi, Gordon made discovery demands for Mrs. Livecchi's bank records pertaining to her alleged payment to Livecchi for the Ferrari. However, Mrs. Livecchi claimed that she did not have such records.

On September 12, 2013, at an appearance in Bankruptcy Court, the Honorable Paul Warren, Bankruptcy Judge, alluded to the fact that, inasmuch as Mrs. Livecchi claimed that she did not have the bank records, Gordon would need to conduct "third-party discovery."[8] During that same court appearance, Gordon indicated that he could obtain the records by

---

[4]*See*, Case 2-09-20897-PRW, Docket No. [#305].

[5]See, Case 2-10-02067-JCN, Docket No. [#1] at ¶ 17.

[6]See, Case 2-11-02027-PRW.

[7]See, 14-CV-6270-CJS-MWP, Docket No. [#1], at p. 7, ¶ 5.

[8]See, 14-CV-6270-CJS-MWP, Docket No. [#18], at p. 48, transcript p. 14.

serving a subpoena on Mrs. Livecchi's bank.[9]

On or about September 23, 2013, Gordon, in his capacity as Trustee, served such a subpoena on Mrs. Livecchi's bank, Lexington Federal Credit Union ("Lexington").[10] The Court observes, however, that although Livecchi was not a party to the adversary proceeding, the subpoena requested bank records pertaining to both him and his wife. Specifically, the subpoena sought records "in the name of" either Livecchi or Mrs. Livecchi.[11] Gordon eventually received bank records pertaining to Mrs. Livecchi's account, which, he maintains, indicate that the transfer of the Ferrari to Mrs. Livecchi was intended to defraud creditors, though that issue is not before this Court.

As a result of Livecchi's disagreements with Gordon, Livecchi sued Gordon, in his capacity as Chapter 7 Trustee, on multiple occasions. For example, Livecchi sued Gordon in the U.S. District Court for the Northern District of Texas, alleging that Gordon "devaluated" [sic] certain real property in Texas belonging to the bankruptcy estate.[12] The Texas District Court dismissed the action, and in so doing, advised Livecchi that Gordon was immune from being sued in his capacity as Chapter 7 Trustee.[13] Nevertheless, Livecchi filed a motion for reconsideration, which the court denied.

Despite having been educated on the law by the Texas District Court, Livecchi subsequently commenced an action against Gordon, in his capacity as Chapter 7 Trustee,

---

[9]See, 14-CV-6270-CJS-MWP, Docket No. [#18], at p. 55, transcript p. 21.

[10]See, 14-CV-6270-CJS-MWP, Docket No. [#1], at p. 8, ¶ 13.

[11]See, 14-CV-6270-CJS-MWP, Docket No. [#18], at p. 33.

[12]*See*, Complaint in Texas action, ¶ ¶ 61, 113.

[13]*See*, Def. Motion to Dismiss, Ex. 2 at p. 2 ("Gordon is entitled to immunity from such claims under the doctrine of derived judicial immunity as well as the doctrine of qualified immunity.").

in the U.S. Bankruptcy Court for the Western District of New York. On December 29, 2011, Bankruptcy Court dismissed the action, reiterating that Gordon was immune from suit.[14] Once again, Livecchi filed a motion for reconsideration. Bankruptcy Court denied the motion, and again emphasized that "a trustee is immune from personal liability for acts taken in his business judgment in acting in accordance with statutory authority or court order."[15]

On or about April 24, 2014, Livecchi commenced the instant action in New York State Supreme Court, Monroe County, against Gordon's law firm, Gordon & Schaal. The action purportedly arises from Gordon & Schaal's service of the aforementioned subpoena on Lexington, Mrs. Livecchi's bank, acting on behalf of Gordon, the Trustee. Livecchi alleges that the subpoena was "illegal" "in the manner in which it was written or in the demands therein."[16]

The defendant law firm removed the action to this Court, and on September 19, 2014, it filed the subject motion for judgment on the pleadings and for sanctions. Plaintiff submitted papers opposing the motion for judgment on the pleadings. On November 6, 2014, Plaintiff, accompanied by his wife, and Defendant's counsel appeared before the undersigned for oral argument. At the completion of oral argument the Court advised Plaintiff that it was going to grant Defendant's motion for judgment on the pleadings, and dismiss the action, but that it would give him a further opportunity to submit papers

---

[14] *See*, Def. Motion to Dismiss, Ex. 7 at p. 2 ("Gordon is a quasi-judicial official immune from suit for personal liability for acts as here, taken in his business judgment in accordance with statutory or other duty or pursuant to court order.").

[15] *See*, Def. Motion to Dismiss, Ex. 10.

[16] *See*, Def. Motion to Dismiss, Ex. 13, ¶ 6.

opposing the sanctions portion of the application, since his responsive papers had not addressed that aspect of Defendant's motion.

On November 18, 2014, Plaintiff filed additional papers [#22], and on December 18, 2014, Defendant filed a reply [#24]. On December 26, 2014, Livecchi filed an additional submission, which amounts to a sur-reply, however the Court will not consider the submission since it was made in violation of Local Rule 7(a)(6) ("Absent permission of the Judge hearing the motion, sur-reply papers are not permitted.").

## DISCUSSION

*Defendant's Motion for Judgment on the Pleadings*

Defendant has moved for judgment on the pleadings, and "[t]he same standard applicable to Fed.R.Civ.P. 12(b)(6) motions to dismiss applies to Fed.R.Civ.P. 12(c) motions for judgment on the pleadings." *Bank of New York v. First Millennium, Inc.*, 607 F.3d 905, 922 (2d Cir.2010) (citation omitted). Such standard is clear:

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964–65, 167 L.Ed.2d 929 (2007); *see also, ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir.2007 ) ("To survive dismissal, the plaintiff must provide the grounds upon which his

claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.' ") (*quoting Bell Atl. Corp. v. Twombly*) (footnote omitted). When applying this standard, a district court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir.1999), *cert. denied*, 531 U.S. 1052, 121 S.Ct. 657 (2000).

The instant complaint fails to state a plausible claim against Defendant, since "as a matter of law, counsel for trustee, court appointed officers who represent the estate, are the functional equivalent of a trustee, when they act at the direction of the trustee and for the purpose of administering the estate or protecting its assets." *In re McKenzie*, 716 F.3d 404, 411-412 (6th Cir. 2013) (citations and internal quotation marks omitted), *cert den.*, 134 S.Ct. 444 (2013). As such, attorneys for a bankruptcy trustee are also entitled to judicial immunity. *See, In re Harris*, 590 F.3d 730, 742 (9th Cir. 2009) ("Bankruptcy trustees are entitled to broad immunity from suit when acting within the scope of their authority and pursuant to court order. Additionally, court appointed officers who represent the estate are the functional equivalent of a trustee. The doctrine of judicial immunity also applies to court approved attorneys for the trustee.") (citations and internal quotation marks omitted).

In this action, such immunity applies to Defendant, since it is clear from the face of the Complaint [#1] that Plaintiff is suing over acts that Defendant took in the scope of its representation of Gordon in his capacity as Trustee. *See, e.g.*, Complaint [#1] ¶¶ 3-4 ("The defendant represented Kenneth W. Gordon in an adversary proceeding in bankruptcy court against Sherrie Lee Livecchi, the plaintiff's wife. Said adversary proceeding against Mrs. Livecchi is illegal per the Supreme Court of the United States."). Accordingly, the action

fails to state a claim upon which relief can be granted.

Plaintiff nevertheless suggests that he can sue Defendant pursuant to 28 U.S.C. § 959(a), which states:

> <u>Trustees</u>, receivers or managers of any property, including debtors in possession, <u>may be sued</u>, without leave of the court appointing them, <u>with respect to any of their acts or transactions in carrying on business connected with such property</u>. Such actions shall be subject to the general equity power of such court so far as the same may be necessary to the ends of justice, but this shall not deprive a litigant of his right to trial by jury.

28 U.S.C.A. § 959 (West 2014) (emphasis added).  However, he is mistaken, since the subject lawsuit does not arise from Defendant transacting business with regard to property of the bankruptcy estate.

For the foregoing reasons, Defendant's motion for judgment on the pleadings is granted, and this action is dismissed.

*Defendant's Motion for Sanctions*

The Court will next consider Defendant's motion for sanctions.  Specifically, Defendant's Notice of Motion requests the following relief:

> An Order . . . restraining and enjoining the Plaintiff, Charles R. Livecchi, Sr., or anyone acting in his stead or on his behalf, from commencing any action or proceeding in State or Federal Court, challenging, seeking to impose liability based upon, or otherwise relating to, actions taken by Kenneth W. Gordon, Esq. and/or Gordon and Schall, LLP, its attorneys or other employees and agents, in connection with Mr. Gordon's work as the Chapter 7 Trustee in the Plaintiff's bankruptcy, unless Mr. Livecchi either (A) obtains leave of Court to do so after having submitted his proposed Complaint or Petition to the Court for its review; or (B) is represented by an attorney admitted to the United States District Court for the Western District of New York who signs the Complaint and, therefore, is subject to the requirements imposed by Rule 11 of the Federal Rules of Civil Procedure; and . . .

sanctions, including reasonable attorney's fees[.]

Def. Notice of Motion to Dismiss [#13].

For support, Defendant cites, *inter alia*, *Shaffi v. British Airways, PLC*, 83 F.3d 566, 571 (2d Cir. 1996) ("*Shaffi*") and *Malcolm v. Bd. of Educ.*, 506 Fed.Appx. 65, 69 (2d Cir. 2012) ("*Malcolm*"). In *Shaffi*, the Second Circuit stated: "A district court may, in its discretion, impose sanctions against litigants who abuse the judicial process. The filing of repetitive and frivolous suits constitutes the type of abuse for which an injunction forbidding further litigation may be an appropriate sanction." *Id.*, 83 F.3d at 571 (citations omitted). In *Malcolm*, the Circuit Court again discussed a district court's ability to impose a filing injunction on a vexatious litigator:

> [A] court may prevent a litigant from filing pleadings, motions or appeals upon a showing of extraordinary circumstances, such as a demonstrated history of frivolous and vexatious litigation or a failure to comply with sanctions imposed for such conduct. Specially crafted sanctions are appropriate to restrain litigants who repeatedly exceed the bounds of tolerable litigation conduct.

*Id.*, 506 Fed.Appx. at 69 (citations omitted). In considering whether to grant a filing injunction, a district court should consider the following factors:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, *e.g.*, does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Duran v. Kiley*, — Fed.Appx. —, 2013 WL 6170569 at *1 (2d Cir. Nov. 26, 2013) (quoting

*Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)).

With regard to factors (1), (2) and (4) above, the Court finds that Livecchi has a history of filing vexatious, harassing and duplicative lawsuits, that at times his motive appears to be to obstruct and delay his opponents, and that he has intentionally caused needless expense to his opponents and unnecessary burden on the Court.  As to these determinations, the Court is relying upon the recitation of facts above, its review of Livecchi's papers in this action and its interactions with Livecchi and his wife during oral argument.  The Court has also reviewed transcripts of Livecchi's appearances before the Bankruptcy Court.

Additionally, the Court presently has before it another one of Livecchi's lawsuits, in which he unsuccessfully sued a city court judge, after already having been advised of the doctrine of judicial immunity. *See, Livecchi v. City of Geneva*, 14-CV-6326 CJS(JWF), Dismissal Order, Docket No. [#9].  The Court observes that after it dismissed the judge from the action, and explained why it was doing so, Livecchi nevertheless filed a baseless motion for reconsideration. *Id*. at Docket No. [#12].  In denying that motion, the Court observed that Livecchi had "obstinately" filed the motion for reconsideration, despite having been advised by this Court and by other courts of the existence of the doctrine of judicial immunity. *Id*., Decision and Order, Docket No. [#14].

In short, it appears that Mr. Livecchi will improperly pursue litigation based upon his subjective view of things, as opposed to any meritorious legal theory. *See, Safir*, 792 F.2d at 25 ("Safir's abuse of the judicial process, despite his subjective conviction that he has suffered an unremedied injury, cannot be countenanced.").  For example, Livecchi's response to a motion to dismiss, in *Livecchi v. The City of Geneva*,14-CV-6326 CJS,

consists of four pages of opinion and commentary without a single legal citation.[17] Similarly, it appears that at times Livecchi's motivation is to frustrate or delay individuals from pursuing their lawful objectives. For example, the Court believes that Livecchi filed the instant baseless lawsuit in an attempt to prevent or further delay the administration of his Chapter 7 bankruptcy case, after his Chapter 11 case was converted to a Chapter 7 over his objection.

Based upon all of the foregoing, the Court is confident that factors (1), (2) and (4) weigh in favor of a filing injunction. As for factor (3) above, Livecchi is not represented by an attorney, and seems disinclined to retain an attorney, which also weighs in favor of an injunction.

Turning to factor (5) above, the Court has considered possible options, including a filing injunction. In that regard, though, the Second Circuit has cautioned district courts against issuing "overly broad" filing injunctions that could "foreclose what might be a meritorious claim." *See, Safir*, 792 F.2d at 25 ("[T]he injunction, which prevents Safir from instituting any action whatsoever, is overly broad."). Having considered all of the facts and circumstances, the Court declines to issue a filing injunction. In that regard, while it is true that Livecchi previously sued Mr. Gordon, in his capacity as Trustee, several times, it appears that he has now accepted the fact that Gordon is immune from suit, which may explain why he sued Gordon's law firm instead. As far as the Court is aware, this is the first time that Livecchi has sued Gordon and Schall, LLP, and the Court has now explained to Livecchi that he cannot sue the law firm for the same reasons that he cannot sue

---

[17] *Livecchi v. City of Geneva, et al.*, 14-CV-6326 CJS(JWF), Docket No. [#4].

Gordon. In the event that Livecchi either brings another such lawsuit against Gordon or Gordon and Schall or files a baseless motion for reconsideration of this Decision and Order, the Court may well reconsider granting a filing injunction. In the meantime, the Court cautions Livecchi that any additional baseless litigation against Gordon or Gordon and Schaal, in this Court or in Bankruptcy Court, may result in sanctions including the issuance of an injunction, barring him from filing further lawsuits, with the scope of such an injunction to be determined at that time.

## CONCLUSION

Defendant's motion for judgment on the pleadings [#13] is granted and this action is dismissed with prejudice. Defendant's request for sanctions is denied, except that Livecchi is warned that the filing of additional lawsuits against Gordon or Gordon and Schall, LLP, arising from the bankruptcy action, may result in the imposition of sanctions against him as discussed above.

SO ORDERED.

Dated: Rochester, New York
January 22, 2015

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge